### J. W. GULICK v. B. F. FORTSON.

(No. 2754, Op. Book No. 4, p. —.)

APPEAL from Navarro County. Opinion by WILLSON, J.

§ 425. *Open account; statute of limitations.* Suit was brought upon a physician's account for medical services. All the items of the account were barred by limitation except two, one for $1.50 and the other for $250. This last item is stated in the account thus: "January 1st, 1881. Special treatment of self from 10th of June, 1876, to date, January 1st, 1881 — $250." Appellee excepted specially to this charge, because the services rendered were not itemized, and excepted specially to plaintiff's petition and account, because the cause of action appeared upon the face thereof to be barred by limitation. He also pleaded the statute of limitation of two years. Appellee's exception to the item of $250 was sustained upon the ground that it was not itemized, and was stricken out. This item being stricken out, and all the remaining items appearing from the face of the account to be barred by limitation, except the one for $1.50, an amount not within the jurisdiction of the court, the court rendered judgment dismissing the suit at appellant's costs. The action being one not upon a contract, but an open account, the times and dates of the services should have been itemized. [Rev. Stats. art. 3204.]

**§ 426.** *Physicians' accounts.* Physicians, in respect to their charges for services, are on the same footing with attorneys, factors, pilots and other persons undertaking to perform services which require skill for reward. [Graham v. Gautier, 21 Tex. 112.] In the absence of any stipulation to the contrary, the rule is believed to be, that when the service is rendered or performed, the right to demand payment accrues, and the statute then commences to run. This rule applies to every kind of service. [Jones v. Lewis, 11 Tex. 360.] It was not error to dismiss the suit under the facts shown.

May 30, 1883.                              Affirmed.